**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN RE :

CYMA CLEANING CONTRACTORS INC.

Debtor

CASE NO. 22-01377 (ESL)

CHAPTER 11

### OPINION AND ORDER

This case is before the court upon the *Minute Order* (Docket No. 95) whereby the court ordered the Debtor to show cause why the case should not be dismissed for being a single asset real estate (SARE), and thus ineligible for Subchapter V relief. Also pending before this court are the following related motions: *Motion to Show Cause in Compliance with Court Order* (Docket No. 107), and *Motion to Inform Compliance with Order* (Docket No. 109).

### JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(a) and (b). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

### FACTUAL AND PROCEDURAL BACKGROUND

1. On May 16, 2022, Innova Industrial Contractor, Inc. ("Innova"), an affiliate of the Debtor, filed a petition for relief under Subchapter V. See Case No. 22-01375, Docket No. 1, p. 2, § 8.

2. On that same date, May 16, 2022, the Debtor filed the instant petition for relief under Subchapter V, self-designated itself a Subchapter V debtor. See Docket No. 1.

3. On, June 13, 2022, the Section 341 meeting of creditors was held and concluded (Docket No. 21).

4. On July 27, 2022, the Debtor filed a *Report to the Court in Preparation for Status Conference* (Docket No. 27), disclosing that it "is in the business of managing and renting an income generating property … located at Carr 848 Km 2 Local 199 Saint Just Trujillo Alto, PR 00976." Id., p. 1, § A.

5.      On August 15, 2022, the Debtor filed a *Plan of Reorganization Dated August 15, 2022* (the "*Plan*", Docket No. 34).

6.      On May 2, 2023, this court held a confirmation hearing to consider the proposed *Plan* and other contested matters. At the hearing, the court expressed concern as to the Debtor's eligibility to proceed as a Subchapter V debtor, stating that it appears that the Debtor "meets the definition of a single asset real estate (SARE) as the term is defined in 11 U.S.C. § 101(51B) and thus, excluded from being so pursuant to 11 U.S.C. § 1182." Docket No. 95, p. 4. Further, it ordered the Debtor to show cause why the case should not be dismissed for being ineligible to be a Subchapter V Debtor as it may be a SARE. Id.

7.      On June 26, 2023, the Debtor filed a *Motion to Show Cause in Compliance with Court Order* (Docket No. 107), averring that it complies with the eligibility requirements of Subsection 1182(A). To wit, on the Petition Date, the Debtor was an "affiliate" of a fully qualified Subchapter V Debtor, and thus: the Debtor was eligible under Section 1182(A). See id., p. 3, ¶ 6 ("100.00% of the shares of both the Debtor and Innova are owned by the same persons, Mr. Felipe Gonzalez Bruno and his spouse); The Debtor further avers that none of the three statutory exclusions under Section 1182(B) apply to the Debtor.

8.      On July 5, 2023, the Debtor filed a *Motion to Inform Compliance with Order* (Docket No. 109), stating that "[it] understands that the motion properly addresses and complies with this Court's Order", and, in the alternative and assuming the court determines that the Debtor is a SARE, a period of 30 days be granted to convert Debtor's case to a different classification. Id., p. 1, ¶¶ 2-3.

LEGAL ISSUES

The issues before the court are (i) whether it may *sua sponte* revoke Debtor's Subchapter V designation, and (ii) whether the Debtor is a SARE.

APPLICABLE LAW AND ANALYSIS

*A.      Sua Sponte Revocation of Subchapter V Designation*

The Debtor contends that Fed. R. Bankr. P. 1020(b) limits the objection period to the Debtor's auto designation as a Subchapter V debtor to 30 days following the conclusion of the meeting or creditors (id., p. 7), that more than 30-days have passed without any party objecting to

-2-

the Debtor's auto designation, and that "[w]hether the Court has authority … to, *sua sponte*, change the Debtor's designation is a subject of considerable commentary" (id., p. 1, n. 1).

Fed. R. Bankr. P. 1020(b) reads as follows:

(b) Objecting to Designation. The United States trustee or a party in interest may file an objection to the debtor's statement under subdivision (a) no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later.

Id. The 30-day time limit "may be extended if there is excusable neglect, under [Fed. R. Bankr. P.] 9006(b)." 9 Collier on Bankruptcy ¶ 1020.03 (16th ed., 2023).

Fed. R. Bankr. P. 1020(a) provides that "[t]he status of … a case under subchapter V of chapter 11 shall be in accordance with the debtor's statement … unless and until the court enters an order finding that the debtor's statement is incorrect." Id. The use of the term "until" in Fed. R. Bankr. P. 1020(a) "means that the designation controls up to the point that a court determines the correct status of the debtor, at which point the court's determination controls, both prospectively and retroactively." In re Diamonds & Diamonds Inc., 2019 WL 1752695, at *5, 2019 Bankr. LEXIS 1237, at *13 (Bankr. D.P.R. 2019) (Caban, B.J.), citing In re Swartville, LLC, 483 B.R. 453, 457 (Bankr. E.D.N.C. 2012) (noting that "[w]hile the rules do not preclude a debtor from changing its designation, the original designation still controls 'unless and until the court enters an order finding that the debtor's statement is incorrect.' Fed. R. Bankr. P. 1020(a).").

On that vein, the Advisory Committee Note to Fed. R. Bankr. P. 1020 states as follows:

Because it is important to resolve such disputes early in the case, a time limit for objecting to the debtor's self-designation is imposed. Rule 9006(b)(1), which governs enlargement of time, is applicable to the time limits set forth in this rule.

Id.

In turn, Fed. R. Bankr. P. 9006(b)(1) states that, except as provided in subsections (b)(2) and (3), "the court for cause shown may at any time in its discretion (1) with or without motion … order the period enlarged if the request … is made before the expiration of the period … or (2) on motion made after the expiration of the specified period … where the failure to act was the result of excusable neglect." Id.

Here, the Debtor self-designated itself a Subchapter V debtor on May 16, 2021 (Docket No. 1, p. 2, § 8), and the meeting of creditors was concluded on June 13, 2022 (Docket No. 21).

The 30-day deadline lapsed on **July 13, 2022**, and no party-in-interest filed an objection to such designation on or before such date, requested an extension to do so, or belatedly filed an objection. See In re Angel Fire Water Co., LLC, 2015 Bankr. LEXIS 170 (Bankr. D.N.M. Jan. 20, 2015) (although debtor appeared to be small business, it had not designated itself as such and no party had objected, so case would proceed as a non-small business case); In re Maxx Towing, Inc., 2011 WL 3267937, 2011 Bankr. LEXIS 2826 (Bankr. E.D. Mich. 2011) (although debtor argued its designation in petition was incorrect, it had not amended its petition and no party had sought to change designation, so case proceeded in accordance with designation).

The court accepts that an objection to Debtor's Subchapter V designation may be untimely under Fed. R. Bankr. P. 1020(a). Nevertheless, the court finds that it may *sua sponte* revoke the Subchapter V designation made by a debtor in its petition under the Bankruptcy Code. See *e.g.*, In re National Small Business Alliances, 642 B.R. 345 (Bankr. D.D.C. 2022).

In National Small, when the debtor filed for bankruptcy, it elected to file under Subchapter V and designate itself as a small business debtor by checking the "small business debtor" box on Official Form 101. Due to a multitude of factors, the debtor did not file its first plan of reorganization until July 25, 2021, that is, after the May 1, 2021, deadline imposed by the court. The debtor subsequently filed four more amended plans. Debtor's fifth and final plan was denied. Thereafter, the Bankruptcy Court for the District of Columbia, *sua sponte*, revoked the debtor's Subchapter V designation under Sections 105(a) and 1112 of the Bankruptcy Code, 11 U.S.C. §§ 105(a), 1112. Specifically, the court noted that "[t]he question in this case appears to be one of first impression under Subchapter V – whether a court may revoke the Subchapter V designation made by a debtor in its petition", and found as follows:

> The question in this case appears to be one of first impression under Subchapter V – whether a court may revoke the Subchapter V designation made by a debtor in its petition…
>
> … the Court must look to chapter 11 and the Bankruptcy Code as a whole to determine the election by a debtor to proceed under Subchapter V may be revoked post-petition.
>
> While revocation of a Subchapter V election is not specifically set out in the Bankruptcy Code, **if a petition may be amended to elect to proceed under Subchapter V post-petition, logically it follows that the opposite must also be**

**an option for debtors and courts**. Various sections of the Bankruptcy Code allow for a debtor to seek conversion from one chapter to another if the debtor is an eligible debtor under such chapter. 11 U.S.C. §§ 706, 1112, 1208, 1307. While revocation of the Subchapter V election is not conversion, the treatment and requirements under chapter 11 and Subchapter V are materially different, much like the differences in chapters under the Bankruptcy Code. See, *e.g.*, In re Trepetin, 617 B.R. at 843 ("Subchapter V ... offers small business debtors ... a streamlined process and tailored tools for confirming a plan."). Therefore, the Court finds that the ability to revoke a Subchapter V election is consistent with the Bankruptcy Code but also the Congressional goals of ensuring that Subchapter V cases provide a quicker reorganization process. If a debtor discovers post-petition that it is unable to meet the deadlines of Subchapter V, the option to revoke such designation provides the ability to continue to attempt to reorganize under the rigors and requirements of standard chapter 11.

Further, the Court is empowered to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). A court may rely on § 105(a) as authority where "the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 403 (1st Cir. 2002). The Court's authority under § 105(a) "may be used to ensure that 'a result that the Code clearly required' is achieved." In re Red River Energy, Inc., 409 B.R. 163, 185 (Bankr. S.D. Tex. 2009) (quoting Perez v. Peake, 373 B.R. 468, 488 (S.D. Tex. 2007)). **In a situation where a Debtor has elected Subchapter V status but is either (a) not eligible or (b) cannot meet the deadlines and requirements thereof, allowing for the revocation of the Subchapter V designation so that the debtor may proceed under standard chapter 11 is consistent with the right conferred to a debtor in the Bankruptcy Code to convert a case to another chapter therein.** See 11 U.S.C. § 1112(a). There are benefits to both debtors and creditors to allow a case to remain under chapter 11 with a revocation of the Subchapter V election in lieu of requiring a debtor to have its case dismissed and immediately refiled. **Thus, in the appropriate situations and based upon a totality of the circumstances, the Court is able order the revocation of the Debtor's Subchapter V election, even where the revocation is not specifically provided for in the Bankruptcy Code.**

… the Debtor's case has not progressed with the expediency Subchapter V case are expected to achieve. […]

Conversion would likely result in the immediate termination of membership services and dismissal would once again throw the Debtor (and its Members) right back into the fray of the state court litigation that existed before the case was filed. Therefore, the Court finds that it is in the best interest of creditors and the estate that the Debtor remain in chapter 11 rather than liquidate under chapter 7 or be dismissed. […]

Id., at 347-349 (boldface added). Compare with In re Macedon Consulting, Inc., 652 B.R. 480, 486 (Bankr. E.D. Va. 2023) (creditor moved for dismissal. Court found debtor ineligible as a Subchapter V debtor because aggregate noncontingent liquidated debts were beyond the limits for Subchapter V, noted that it "has previously revoked a subchapter V designation where the debtor was ineligible," and "[a]s a result … will revoke the subchapter V designation in this case, in essence converting it to a regular chapter 11 case."); In re ComedyMX, LLC, 647 B.R. 457, 464 (Bankr. D. Del. 2022) (declining to resolve whether it has the authority to de-designate Subchapter V stating that "even if the Court does have the authority … it would not exercise that authority in this case ... the Court is persuaded (in light of the statutory contemplation that the decision whether to proceed under subchapter V would typically be committed to the debtor's discretion) that any authority to override the debtor's judgment ought to be exercised only as a last resort, where no other mechanism is available to achieve the objectives of chapter 11." "Unlike National Small … this case is barely at its inception."); In re Free Speech Sys., LLC, 649 B.R. 729, 734 (Bankr. S.D. Tex. 2023) (elected not to revoke Subchapter V designation, finding that the "Bankruptcy Code and … Rules don't provide a standard for assessing a motion to either amend a bankruptcy petition to revoke a Subchapter V election or for the Court to revoke it outright. There is … a decision holding that a court is empowered to de-designate a Subchapter V case and allow it to proceed as a regular chapter 11, under, among other things, Section 105 of the Bankruptcy Code. But the facts in that case, including a failed attempt to confirm a fifth amended and revised chapter 11 plan, are far from present here.") (citations omitted).

This court is persuaded by the reasoning in National Small and finds that it may *sua sponte* revoke Debtor's Subchapter V designation pursuant to Sections 105(a) and 1112 of the Bankruptcy Code, 11 U.S.C. §§ 105(a), 1112.

B.      *Ineligibility to Proceed Under Subchapter V*

The Debtor contends that the "SARE exception … exclude[s] from eligibility Debtors who seeks Sub Chapter V status based on their business or commercial activities", and "has no bearing or relevance to those … who seek Sub Chapter V eligibility based on the 'affiliate of such person that is also a debtor' expansion" (Docket No. 107, p. 2). The Debtor further contends that its "Sub Chapter V eligibility did not rest on the nature of the Debtor's business activities – i.e., whether

-6-

the Debtor is a SARE or not; rather, it rested on whether the Debtor – on the date the Voluntary Petition was filed – was an 'affiliate of such person that is also a debtor under this title' " (id.) and "[t]here is nothing in the statute, however, that applies the SARE Limitation to Debtors who qualify for Sub Chapter V eligibility by and through being an affiliate of an already qualified Debtors (the 'Affiliate Exception')" (id., p. 9). To the contrary, the Affiliate Exception is all-inclusive; in fact, it is pre-fixed by the term 'any.' In other words, once a Debtor achieves eligibility under Sub Chapter V, any of its affiliates is also eligible." (id.). Thus, the Debtor argues it is eligible to proceed under Subchapter V.

Section 1182(1)(A) of the Bankruptcy Code, 11 U.S.C. § 1182(1)(A), identifies who generally qualifies as a Subchapter V debtor; Section 1182(1)(B), 11 U.S.C. § 1182(1)(B) lists exceptions to the general rule. Section 1182(1) reads as follows:

(1) Debtor.--The term "debtor"—

(A) subject to subparagraph (B), means a person engaged in commercial or business activities (**including any affiliate of such person that is also a debtor under this title _and_ _excluding_ a person whose primary activity is the business of owning single asset real estate**) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor; and

(B) does not include--
  (i) any member of a group of affiliated debtors under this title that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders);
  (ii) any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m, 78o(d)); or
  (iii) any debtor that is an affiliate of a corporation described in clause (ii).

11 U.S.C. § 1182(1)(A), (B) (emphasis added). "SARE debtors are expressly excluded from being small business debtors pursuant to section 1182(1)(A). Thus, if the debtor is determined to be a SARE, the debtor cannot reorganize under subchapter V." In re Caribbean Motel Corp., 2022 WL

-7-

50401, at *3, 2022 Bankr. LEXIS 25, at * 8 (Bankr. D.P.R. 2022). See also 1 Bankruptcy Law Fundamentals § 12:24 (2023) ("A small business debtor is mutually exclusive of a single asset real estate debtor; the debtor can be one or the other, but not both.").

Section 101(51B) of the Bankruptcy Code, 11 U.S.C. § 101(51B), defines the term "single asset real estate" as "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." 11 U.S.C. § 101(51B). Under Section 101(51B), for a case to meet the SARE definition, it must satisfy the following three prongs: "the real property must constitute a single property or project, other than residential real property with fewer than four residential units;" "the real property must generate substantially all of the debtor's gross income;" and the "debtor must not be involved in any substantial business other than the operation of its real property and incidental activities." In re Caribbean Motel Corp., 2022 WL 50401, at *3, 2022 Bankr. LEXIS 25, at * 8-9, quoting In re MJS Las Croabas Props., 2012 Bankr. LEXIS 5650, at *7, 2012 WL 6043502 (Bankr. D.P.R. 2012). "The movant bears the burden to prove by a preponderance of the evidence that the Debtor is a SARE." Id., quoting In re 218 Jackson LLC, 2021 Bankr. LEXIS 2284, at *4, 2021 WL 3669371 (Bankr. M.D. Fla. 2021).

The court is not persuaded by the Debtor's averments that the SARE exception is exclusive of and has no bearing on relevance on debtors whose Subchapter V eligibility is based on their status as an affiliate of a debtor under Subchapter V. The Debtor cites no authority and this court was unable to locate any caselaw in support of Debtor's position. The only authority cited by the Debtor is with respect to eligibility being established as of the petition date. Scant legislative history exists with respect to Section 1182(1)(A). The court thus turns to the literal language of the statute and concludes that "**including _any_ affiliate of such person that is also a debtor under this title _and_ _excluding_ a person whose primary activity is the business of owning single asset real estate**", as contemplated by Section 1182(1)(A), expressly excludes SARE debtors, regardless of whether they are affiliates of Subchapter V debtors. See _e.g._, In re Caribbean Motel Corp., 2022

WL 50401, 2022 Bankr. LEXIS 25; 1 Bankruptcy Law Fundamentals § 12:24 (2023). Thus, if the Debtor is determined to be a SARE, it cannot reorganize under Subchapter V.

The Debtor "is in the business of managing and renting an income generating property … located at Carr 848 Km 2 Local 199 Saint Just Trujillo Alto, PR 00976" (Docket No. 27, p. 1, § A), owns the single aforcited property (*Schedule A/B*, Docket Nos. 1, 19, 20), which it identifies as a "Commercial Building" (*Schedule A/B*, Docket Nos. 1, 19, 20, part 9, item no. 55) and which generates substantially all of its gross income (*Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy*, Docket No. 1). The Debtor has not disclosed as being involved in any substantial business other than the operation of such property.

In view of the foregoing, the court concludes that the Debtor meets the definition of a single asset real estate as the term is defined in 11 U.S.C. § 101(51B), and thus is ineligible for relief under Subchapter V pursuant to 11 U.S.C. § 1182. The court further finds that the revocation of Debtor's Subchapter V designation pursuant to 11 U.S.C. §§ 105(a), 1112, is appropriate. The Debtor may request to proceed as a standard Chapter 11 within thirty (30) days, as it may be in the best interest of creditors and the estate.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of October 2023.

Enrique S. Lamoutte
United States Bankruptcy Judge